1  Sa'id Vakili, Esq. (SBN: 176322)
   VAKILI & LEUS, LLP
2  3701 Wilshire Boulevard, Suite 1135
   Los Angeles, California 90010-2822
3
   213/380-6010 l Fax: 213/380-6051                    **REDACTED**
4
         – and –
5
   Jon E. Hokanson, Esq. (SBN: 118829)
6  Anthony L. Osborn (SBN: 216611)
   LEWIS BRISBOIS BISGAARD & SMITH LLP
7  221 North Figueroa Street, Suite 1200
   Los Angeles, California 90012-2601
8
   213/250-1800 l 213/250-7900
9
   *Counsel for Defendants SUPER BUY TIRES, INC., YOUSSEF KHOURY d/b/a SUPERBUY*
10 *TIRES, CHOPPER WIRE WHEELS, INC., ROADSTER WHEELS, INC., RZ INDUSTRIES,*
   *INC., RAY MARCHISSET, and PLAYER WIRE WHEELS, LTD.*
11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14

15 CHARLES ABRAHAM, an individual,          CASE NO.: 05cv1296 B (NLS)
   JAMES D. GRAGG, an individual, and
16 AMERICAN TRU-SPINNERS, INC., an          [*Hon. Magistrate Judge Nita L. Stormes*]
   Oklahoma Corporation,
17                                          REDACTED    *EX PARTE*
18         Plaintiff,                       APPLICATION FOR AN ORDER
                                            GRANTING WITHDRAWAL OF
19         v.                               DEFENSE COUNSEL FROM
                                            FURTHER REPRESENTATION OF
20 SUPER BUY TIRES, INC., a California      DEFENDANT PLAYER WIRE
   Corporation, YOUSSEF KHOURY d/b/a        WHEELS, LTD.; MEMORANDUM
21 SUPERBUY TIRES, an individual, CHOPPER   OF POINTS & AUTHORITIES;
   WIRE WHEELS, INC. a California           DECLARATIONS OF SA'ID VAKILI
22 Corporation, ROADSTER WHEELS, INC., a    AND JON E. HOKANSON
   California Corporation, RZ INDUSTRIES,
23 INC. a California Corporation, RAY
   MARCHISSET, an individual, PLAYER
24 WIRE WHEELS, LTD., an Ohio Limited
   Liability Company, and DOES 1 to 10,
25 inclusive,
26
           Defendants.
27

28                              – 1 –

VAKILI
&
LEUS, LLP
Attorneys at law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2817
213/380-6010

## TO THE COURT FOR *IN CAMERA* REVIEW:

I REDACTED *Ex Parte* Application is necessary because of a breakdown of the attorney-client relationship between defense counsel and defendant Player Wire Wheels, Inc. ("PWW") in the above captioned civil action. By this application defense counsel request an order granting the immediate withdrawal of defense counsel LEWIS BRISBOIS BISGAARD & SMITH LLP, and VAKILI & LEUS, LLP and each of their attorneys or record, including Sa'id Vakili, Jon Hokanson, Anthony Moya and Anthony Osborn from the continued representation of PWW in this civil action. The reasons for this application are set forth in the attached Declarations of defense counsel Sa'id Vakili and Jon E. Hokanson.

DATED: November 30, 2006                    **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*– and –*

**VAKILI & LEUS, LLP**

By: _____
Sa'id Vakili, Esq.
*Counsel for Defendants SUPER BUY TIRES, INC., YOUSSEF KHOURY d/b/a SUPERBUY TIRES, CHOPPER WIRE WHEELS, INC., ROADSTER WHEELS, INC., RZ INDUSTRIES, INC., RAY MARCHISSET, and PLAYER WIRE WHEELS, LTD.*

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2817
213/383-0010

REDACTED   *EX PARTE* APPLICATION TO WITHDRAW

## I.   CALIFORNIA LAW GOVERNS THIS ISSUE

State law governs the practice of law within a state's borders, except to the limited extent necessary for the accomplishment of federal objectives. *Sperry v. State of Florida*, 373 U.S. 379, 402 (1963); *Denney v. City of Berkeley*, 2004 WL 2648293 (2004). Therefore, a motion to withdraw by an attorney in a federal case is governed by the Code of Conduct of California. *Ibid.*

## II.   APPLICABLE   LAW   REGARDING   THE   WITHDRAWAL   OF COUNSEL

California Code of Professional Conduct, Rule 3-700, governs the withdrawal of counsel. Rule 3-700 states:

(A)   In General.

(1)   If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.

(2)   A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

* * *

(C)   Permissive Withdrawal.

If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

(1)   The client

(a)   insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or

–1–

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1195
L.A., CA 90010-2817
213/380-6010

(b)     seeks to pursue an illegal course of conduct, or

(c)     insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or

(d)     by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or

(d)     insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or

(f)     breaches an agreement or obligation to the member as to expenses or fees.

(2)     The continued employment is likely to result in a violation of these rules or of the State Bar Act; or . . .

* * *

(6)     The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

In addition, a client's refusal to pay the attorney's fees or expenses is sufficient grounds for permissive withdrawal. [*Statute of Liberty-Ellis Island Foundation, Inc. v. International United Indus., Inc.* (S.D.N.Y.1986) 110 F.R.D. 395, 397. ]

**III.     GOOD CAUSE EXISTS TO GRANT THIS EX PARTE APPLICATION BECAUSE THE ABOVE-REFERENCED LEGAL PREREQUISITES FOR PERMISSIVE WITHDRAWAL OF COUNSEL ARE SATISFIED**

As explained in the Declarations of Sa'id Vakili and Jon Hokanson, concurrently submitted herewith for in camera review and incorporated herein by reference, the permissive withdrawal requirements of 3-700(C) are satisfied in this matter, and withdrawal is thus appropriate.

VAKILI
&
LEILS, LLP
*Attorneys at Law*
3701 Wilshire Blvd.
Suite #1135
LA, CA 90010-2817
213/380-6010

–2–

1    DATED: November 30, 2006            **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

2                                         – and –

3                                        **VAKILI & LEUS, LLP**

4

5

6                                        By: _Sa'id Vakili_

7                                        Sa'id Vakili, Esq.
                                         *Counsel for Defendants SUPER BUY TIRES,*
8                                        *INC., YOUSSEF KHOURY d/b/a SUPERBUY*
                                         *TIRES, CHOPPER WIRE WHEELS, INC.,*
9                                        *ROADSTER WHEELS, INC., RZ INDUSTRIES,*
                                         *INC., RAY MARCHISSET, and PLAYER WIRE*
10                                       *WHEELS, LTD.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**VAKILI**
**&**      26
**LEUS, LLP**
Attorneys at Law
3701 Wilshire Blvd.   27
Suite #1135
L.A., CA 90010-2817
213/385-6010    28

–3–

**REDACTED   *EX PARTE* APPLICATION TO WITHDRAW**

## DECLARATION OF SA'ID VAKILI

I, SA'ID VAKILI, hereby state and declare:

1.      I am a partner in the law firm of VAKILI & LEUS, LLP ("V&L"), one of the attorneys of record for Defendants. I am in good standing with the State Bar of California and admitted to practice before this Court. I make this declaration in support of an *In Camera Ex Parte Application for an Order Granting Withdrawal of Defense Counsel from Further Representation of Defendant Player Wire Wheels, Ltd.* I have personal knowledge of the matters set forth below and, if called as a witness, I could and would competently testify as to their truth, except as to the matters stated on information and belief, and as to such matters, I believe them to be true.

2.      The present civil action ("Complaint") contains three claims for relief, i.e., a claim for patent infringement, federal unfair competition and state unfair competition. The Complaint names seven defendants, which fall into three categories or groups: (1) the Super Buy Tires defendants comprised of Super Buy Tires, Inc., Youssef Khoury d/b/a Super Buy Tires and Chopper Wheels, Inc. (hereinafter collectively referred to as "SBT"); (2) the Roadster defendants comprised of Roadster Wheels, Inc., RZ Industries, Inc., and Ray Marchisset (hereinafter collectively referred to as "RWI"); and (3) defendant Player Wire Wheels, Ltd. (hereinafter referred to as "PWW").

3.      The firms of Vakili & Leus, LLP and Lewis Brisbois Bisgaard & Smith LLP presently represent all seven named defendants in a co-counsel capacity. Since the mid-1990s, Jon E. Hokanson ("Mr. Hokanson") and I have successfully co-

VAKILI
&
LEUS, LLP
Attorneys at Law
8701 Wilshire Blvd.
Suite #1135
LA., CA 90210-2517
213/360-9010

-1-

counseled numerous patent infringement, trademark infringement, trade secret misappropriation and unfair competition cases in California as well as in other states relating to the after-market automotive industry.

4.    The representation in this matter began when Ray Marchisset ("Mr. Marchisset") and Youseff Khoury ("Mr. Khoury"), the principals of RWI and SBT, respectively, jointly contacted me following service of the Complaint on them.

5.    Mr. Hokanson and I represented SBT in a previous matter unrelated to this action and since the commencement of this matter, I have represented RWI and Mr. Marchisset in additional unrelated matters.

6.    After that initial contact and upon learning the nature of the Complaint and that SBT was essentially the sole customer of RWI, I recommended that the RWI and SBT defendants consider presenting a joint defense and retain Mr. Hokanson and his firm as co-counsel.

**REDACTED**

8.    Subsequently, Mr. Khoury contacted PWW to inquire whether it had any interest in joining a common defense.    **REDACTED**

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2917
213/380-6010

-2-

REDACTED   *EX PARTE* APPLICATION TO WITHDRAW

REDACTED   Plaintiffs had already filed a request for entry of default, which by then had been granted by the Court.

9.   Eventually,

**REDACTED**

it was determined that sufficient common defenses existed to justify a joint representation of all seven named defendants. I was able to convince Plaintiffs' counsel to voluntarily vacate their default, which was subsequently vacated by the Court.

10.   Written engagement agreements are in place between V&L and the defendants providing, *inter alia*, that V&L will provide legal services to the defendants in a cooperative joint defense and in conjunction with patent litigation co-counsel.

**REDACTED**

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2817
213/380-6010

– 3 –

REDACTED   *EX PARTE* **APPLICATION TO WITHDRAW**

14.    With regard to the Rule 30(b)(6) deposition of PWW, the dispute centered on Plaintiffs' noticing the deposition to take place at the Huntington Beach, California office of plaintiffs' counsel, Robert J. Winkler ("Mr. Winkler"). Defendants contended that the Rule 30(b)(6) deposition should be held near PWW in Youngstown, Ohio, due, in part, to the thirty-two (32) categories of information sought in Plaintiffs' deposition notice resulting the likelihood of several PWW personnel being designated to testify.  In an email communication Mr. Hokanson informed Plaintiffs' counsel of our objections to a California venue for the PWW depositions and, in an email response, Mr. Hankin reiterated that the PWW depositions would proceed as noticed in Huntington Beach.

15..   Attached as Exhibits "A" and "B" are true and correct copies of Mr. Hokanson's and Mr. Hankin's respective emails..

16.    On November 9th, following a court hearing, I was surprised to learn of a teleconference with the Court initiated by Plaintiffs' counsel on grounds that PWW was refusing to permit Mr. Winkler to enter its premises to inspect documents and spinner products, and that PWW had retained a new attorney, Larry Zielke ("Mr. Zielke") as local Ohio counsel.

## REDACTED

18.    I later spoke with Mr. Zielke and learned that his role was that of a part-time general counsel to PWW and that he did not intend on making an appearance in this action on a *pro hac vice* basis or otherwise.

-4-

**REDACTED   *EX PARTE* APPLICATION TO WITHDRAW**

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
LA., CA 90010-2917
213/380-6010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REDACTED**

**REDACTED**

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2817
213/380-8010

– 5 –

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REDACTED**

**REDACTED**

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1195
L.A., CA 90010-2817
213/380-0010

– 6 –

REDACTED    *EX PARTE* APPLICATION TO WITHDRAW

1
2
3
4
5
6
7
8
9   **REDACTED**
10
11
12
13
14
15
16
17
18
19   **REDACTED**
20
21
22
23
24
25
26
27
28

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A. CA 90010-2817
213/380-6010

REDACTED    *EX PARTE* **APPLICATION TO WITHDRAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REDACTED**

32

Both Mr. Khoury and Mr. Marchisset have stated that they want to continue with our representation.

ı

**REDACTED**

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2817
213/380-6010

– 8 –

REDACTED   *EX PARTE* APPLICATION TO WITHDRAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on November 30, 2006, at Los Angeles, California.

SA'ID VAKILI, DECLARANT

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2817
213/380-6010

-9-

## DECLARATION OF JON E. HOKANSON

I, JON E. HOKANSON, hereby state and declare:

1.      I am a partner in the law firm of LEWIS, BRISBOIS, BISGAARD & SMITH, LLP, one of the attorneys of record for Defendants.  I am in good standing with the State Bar of California and admitted to practice before this Court.  I make this declaration in support of an *In Camera Ex Parte Application for an Order Granting Withdrawal of Defense Counsel from Further Representation of Defendant Player Wire Wheels, Ltd.*  I have personal knowledge of the matters set forth below and, if called as a witness, I could and would competently testify as to their truth, except as to the matters stated on information and belief, and as to such matters, I believe them to be true.

2.      The present civil action ("Complaint") contains three claims for relief, i.e., a claim for patent infringement, federal unfair competition and state unfair competition.  The Complaint names seven defendants, which fall into three categories or groups:  (1) the Super Buy Tires defendants comprised of Super Buy Tires, Inc., Youssef Khoury d/b/a Super Buy Tires and Chopper Wheels, Inc. (hereinafter collectively referred to as "SBT"); (2) the Roadster defendants comprised of Roadster Wheels, Inc., RZ Industries, Inc., and Ray Marchisset (hereinafter collectively referred to as "RWI"); and (3) defendant Player Wire Wheels, Ltd. (hereinafter referred to as "PWW").

3.      The firms of Lewis Brisbois Bisgaard & Smith LLP, and Vakili & Leus, LLP presently represent all seven named defendants in a co-counsel capacity.  Since

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2817
213/380-6010

– 1 –

the mid-1990s, Sa'id Vakili ("Mr. Vakili") and I have successfully co-counseled numerous patent infringement, trademark infringement, trade secret misappropriation and unfair competition cases in California as well as in other states relating to the after-market automotive industry.

4.      The representation in this matter began when Ray Marchisset ("Mr. Marchisset") and Youseff Khoury ("Mr. Khoury"), the principals of RWI and SBT, respectively, jointly contacted Sa'id Vakili ("Mr. Vakili") following service of the Complaint on them.

5.      Mr. Vakili and I represented SBT in a previous matter unrelated to this action and since the commencement of this matter, Mr. Vakili has represented RWI and Mr. Marchisset in additional unrelated matters.

6.      After that initial contact and upon learning the nature of the civil action and that SBT was essentially the sole customer of RWI, Mr. Vakili recommended that the RWI and SBT defendants consider presenting a joint defense and retain my firm and I as co-counsel.

7.

# REDACTED

VAKILI
&
LEILIS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2817
213/386-4010

-2-

8.      Subsequently, Mr. Khoury contacted PWW to inquire whether it had any interest in joining a common defense.                REDACTED

REDACTED   Plaintiffs had already filed a request for entry of default, which by then had been granted by the Court.

9.      Eventually.

**REDACTED**

it was determined that sufficient common defenses existed to justify a joint representation of all seven named defendants.  Mr. Vakili was able to convince Plaintiffs' counsel to voluntarily vacate their default, which was subsequently vacated by the Court.

10.     Written engagement and conflict waiver agreements are in place between LBBS and each of the seven named defendants.

**REDACTED**

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1125.
L.A., CA 90010-2817
213/380-0010

~3~

1
2
3
4
5
6
7
8
9
10

# REDACTED

11      14.     With regard to the Rule 30(b)(6) deposition of PWW, the dispute
12  centered on Plaintiffs' noticing the deposition to take place at the Huntington Beach,
13  California office of plaintiffs' counsel, Robert J. Winkler ("Mr. Winkler").
14
15  Defendants contended that the Rule 30(b)(6) deposition should be held near PWW in
16  Youngstown, Ohio, due, in part, to the thirty-two (32) categories of information sought
17  in Plaintiffs' deposition notice resulting the likelihood of several PWW personnel
18  being designated to testify.  In an email communication I informed Plaintiffs' counsel
19
20  of our objections to a California venue for the PWW depositions and, in an email
21  response, Mr. Hankin reiterated that the PWW depositions would proceed as noticed in
22  Huntington Beach.
23
24      15.     Attached as Exhibits "A" and "B" are true and correct copies of my and
25  Mr. Hankin's respective emails.
26      16.     On November 9th, as I was logging into my office emails and preparing
27  for a client meeting, I was surprised to learn of a teleconference with the Court

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1195
LA., CA  90010-2517
213/380-5010

–4–

1  initiated by Plaintiffs' counsel on grounds that PWW was refusing to permit Plaintiffs'

2  attorney Mr. Winkler to enter its premises to inspect documents and spinner products,

3

4  and that PWW had retained a new attorney, Larry Zielke ("Mr. Zielke") as local Ohio

5  counsel.

6  REDACTED

7

8

9       18.     I later spoke with Mr. Zielke and learned that his role was that of a part-

10  time general counsel to PWW and that he did not intend on making an appearance in

11  this action on a *pro hac vice* basis or otherwise.

12

13

14

15

16

17  **REDACTED**

18

19

20

21

22

23

24

25

VAKILI
&       26
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.   27
Suite #1135
L.A., CA 90010-2817
213/380-6010   28

—5—

REDACTED   ***EX PARTE* APPLICATION TO WITHDRAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REDACTED**

**REDACTED**

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2817
213/380-6010

REDACTED   *EX PARTE* APPLICATION TO WITHDRAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REDACTED**

**REDACTED**

VAKILI
&
LEUS, LLP
Attorneys at Law
5701 Wilshire Blvd.
Suite #1195
L.A., CA 90010-2817
213/380-5010

–7–

1

2

3

4

5

**REDACTED**

6

7

8

9

10

11

12

13

14

15

**REDACTED**

16

17

18

19

20

21

22

23    32.                      **REDACTED**

24                                                              **Both**

25    Mr. Khoury and Mr. Marchisset have stated that they wanted to continue with our

26    representation                **REDACTED**

27

28

--8--

VAKILI
&
LEUS, LLP
Attorneys at Law
3701 Wilshire Blvd.
Suite #1135
L.A., CA 90010-2817
213/380-6010

1
2
3
4
5                            **REDACTED**
6
7
8
9
10
11
12
13
14
15
16
17
18
19          I declare under penalty of perjury under the laws of the State of
20   California that the foregoing is true and correct and that this Declaration was executed
21   on November 30, 2006, at Los Angeles, California.
22
23
24                                                    _____
25                                                    JON E. HOKANSON, DECLARANT

VAKILI
&
LEUS, LLP
Attorneys at Law
9701 Wilshire Blvd.
Suite #1195
L.A., CA 90210-2817
310/285-8010

26
27
28

— 9 —

REDACTED    *EX PARTE APPLICATION TO WITHDRAW*

# EXHIBIT A

**ANTHONY MOYA - Abraham v Super Buy: Miscellaneous Ripe Issues**

| From: | JON HOKANSON |
|---|---|
| To: | Hankin, Marc; Winkler, Robert |
| Date: | 11/8/2006 11:44 AM |
| Subject: | Abraham v Super Buy: Miscellaneous Ripe Issues |
| CC: | Anthony Osborn; Vakili, Sa'id |

Marc and RJ,

Several issues appear ripe for stipulation or another round of ex parte applications/motions. Here is how we, on behalf of defendants, see them and include proposals that you might be willing to discuss with a view toward a possible stipulation:

1.   The mandatory settlement conference.

In light of the present status of the case, it does not seem that such a conference will be productive. We propose a stipulation for an order re-setting the conference to some later date. Perhaps later in December or early in 2007.

2.   Plaintiffs' discovery of Player documents.

We have every intention of providing the Player documents for your review and copying and the spinners for your review and photographing. In light of the present acrimony over these documents and spinners, however, we insist that we also have an attorney on site to deal with whatever new issue might arise. We need some reasonable notice so that we can make the arrangements to be in Ohio too.

3.   Fact discovery cut off deadline of December 2, 2006.

Plaintiffs and defendants want to take depositions/complete depositions. It seems to us that in light of the 12/2/06 deadline, and the current status of document production and outstanding written discovery, it would be better for all parties to stipulate to taking the depositions after the December 2, 2006 deadline. That way each party would have the benefit of the other parties' written discovery responses. We could set some reasonable deadline by when the depositions are to be completed, such as December 15th. If this general approach is agreeable to plaintiffs, we could also have a phone conference within the next day or so, and set the exact dates for the depositions.

4.   Plaintiffs' depositions of defendants.

In general we agree to produce the California witnesses for deposition at RJ's office - we need to clear this with the clients, but don't foresee a problem. As discussed above it may be better for all parties to stipulate to deposition dates after 12/2/06.

With respect to plaintiffs' deposition of Player, we remain of the belief that it will be better for all parties that it/they be taken in Ohio, in conjunction with your spinner/document review trip, but we will try to be flexible on that point - realize we will need to discuss this with Player. With respect to plaintiffs's deposition notice and the MSC currently on calendar for San Diego, we note that with the large number of topics identified for examination, it is likely that Player will have to produce several witnesses, and the even if one person could or would be the witness, that persona likely would not be the person who would attend the MSC, assuming the court would not permit the Player representative to attend by phone. This seems to be a topic worth some discussion - and one susceptible to a negotiated resolution.

Please respond quickly and let us know if the above is a framework within which you are willing to have a conference call, so that we could attempt to work out details and either get a stipulation or our respective motions on file.

Jon

Jon E. Hokanson
Lewis Brisbois Bisgaard & Smith LLP
221 N. Figueroa Street Suite 1200

Los Angeles, CA 90012

Direct:   213.680.5050
Main:     213.250.1800
Fax:      213.250.7900
Email:    hokanson@lbbslaw.com
Web:      www.lbbslaw.com

**EXHIBIT B**

**ANTHONY MOYA - RE: Abraham v Super Buy:  Miscellaneous Ripe Issues**

| | |
|---|---|
| **From:** | "Marc Hankin" <Marc@hankinpatentlaw.com> |
| **To:** | "JON HOKANSON" <HOKANSON@lbbslaw.com>, "'Robert Winkler'" <lawofficeofrobertwinkler@yahoo.com> |
| **Date:** | 11/8/2006 4:55 PM |
| **Subject:** | RE: Abraham v Super Buy:  Miscellaneous Ripe Issues |
| **CC:** | "'Anthony Osborn'" <osborn@lbbslaw.com>, "'Sa'id Vakili'" <vakili@vakili.com> |

Dear Jon,

USMJ Stormes already has denied our request to continue the MANDATORY Settlement Conference or the Discovery Cut-Off.  Accordingly, we do not agree to stipulate to try again to move those same dates.

We insist that the Depositions of your Clients take place in the places and on the dates as Noticed by us.  We do NOT agree to move any of those dates.

We find your preventing us from visiting PWW is unreasonable.  There are many attorneys at your firm, and many more in Ohio already.  Surely, you could find some attorney, if you actually were willing to try.

We do not have any idea what other Depositions you think need to be taken, but to the extent that there are any, RJ and I shall cooperate with you in scheduling them the week after Thanksgiving.  We have Noticed Depositions for every day next week, except for the day of the MSC.  RJ and I are NOT available at all during the week that includes Thanksgiving.  We are available the week after Thanksgiving, if there are any Depositions that need to be taken that week.

We hope that you, your co-counsel, and all of your clients and their insurers all come to San Diego next Thursday with an open mind and a blank check.  Let's get this case settled already, shall we?

Marc

---

**From:** JON HOKANSON [mailto:HOKANSON@lbbslaw.com]
**Sent:** Wednesday, November 08, 2006 11:44 AM
**To:** Marc Hankin; Robert Winkler
**Cc:** Anthony Osborn; Sa'id Vakili
**Subject:** Abraham v Super Buy: Miscellaneous Ripe Issues

Marc and RJ,

Several issues appear ripe for stipulation or another round of ex parte applications/motions. Here is how we, on behalf of defendants, see them and include proposals that you might be willing to discuss with a view toward a possible stipulation:

1.   The mandatory settlement conference.

In light of the present status of the case, it does not seem that such a conference will be productive. We propose a stipulation for an order re-setting the conference to some later date. Perhaps later in December or early in 2007.

2.   Plaintiffs' discovery of Player documents.

We have every intention of providing the Player documents for your review and copying and the spinners for your review and photographing. In light of the present acrimony over these documents and spinners, however, we insist that we also

have an attorney on site to deal with whatever new issue might arise. We need some reasonable notice so that we can make the arrangements to be in Ohio too.

3. Fact discovery cut off deadline of December 2, 2006.

Plaintiffs and defendants want to take depositions/complete depositions. It seems to us that in light of the 12/2/06 deadline, and the current status of document production and outstanding written discovery, it would be better for all parties to stipulate to taking the depositions after the December 2, 2006 deadline. That way each party would have the benefit of the other parties' written discovery responses. We could set some reasonable deadline by when the depositions are to be completed, such as December 15th. If this general approach is agreeable to plaintiffs, we could also have a phone conference within the next day or so, and set the exact dates for the depositions.

4. Plaintiffs' depositions of defendants.

In general we agree to produce the California witnesses for deposition at RJ's office - we need to clear this with the clients, but don't foresee a problem. As discussed above it may be better for all parties to stipulate to deposition dates after 12/2/06.

With respect to plaintiffs' deposition of Player, we remain of the belief that it will be better for all parties that it/they be taken in Ohio, in conjunction with your spinner/document review trip, but we will try to be flexible on that point - realize we will need to discuss this with Player. With respect to plaintiffs's deposition notice and the MSC currently on calendar for San Diego, we note that with the large number of topics identified for examination, it is likely that Player will have to produce several witnesses, and the even if one person could or would be the witness, that persona likely would not be the person who would attend the MSC, assuming the court would not permit the Player representative to attend by phone. This seems to be a topic worth some discussion - and one susceptible to a negotiated resolution.

Please respond quickly and let us know if the above is a framework within which you are willing to have a conference call, so that we could attempt to work out details and either get a stipulation or our respective motions on file.

Jon


Jon E. Hokanson
Lewis Brisbois Bisgaard & Smith LLP
221 N. Figueroa Street Suite 1200
Los Angeles, CA 90012

Direct:   213.680.5050
Main:     213.250.1800
Fax:      213.250.7900
Email:    hokanson@lbbslaw.com
Web:      www.lbbslaw.com

**EXHIBIT C**

**REDACTED**

# EXHIBIT D

**REDACTED**

**REDACTED**

# EXHIBIT E

**REDACTED**

REDACTED