UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ABRAHAM, et al.,<br><br>                    Plaintiffs,<br>v.<br><br>SUPER BUY TIRES INC., et al.,<br><br>                    Defendants. | Civil No. 05cv1296-B (NLS)<br><br>**ORDER FOLLOWING TELEPHONIC STATUS CONFERENCE; POSTPONING DEPOSITIONS SCHEDULED AFTER DECEMBER 2, 2006 DISCOVERY CUT-OFF; SETTING BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR DISQUALIFICATION OF DEFENSE COUNSEL** |

On November 20, 2006, the parties in the above-captioned matter submitted a joint Stipulation to take certain depositions after the December 2, 2006 discovery completion deadline [Doc. No. 80]. The parties agreed to depose plaintiffs Charles Abraham and James D. Gragg on December 19, 2006 and December 20, 2006, respectively, in Los Angeles, and to take the Rule 30(b)(6) depositions of defendant Player Wire Wheels LTD's representatives on December 7, 2006, in Youngstown, Ohio. (*Stipulation* ¶¶ 1-3.) The Court found good cause to grant the request [Doc. No. 83], and the depositions were scheduled as indicated above. This is the only discovery remaining to be taken in this case.

On November 30, 2006, defense counsel submitted *in camera* an *Ex Parte* Application to withdraw as counsel for Defendant Player Wire Wheels LTD ("PWW") based on a claimed breakdown in the attorney-client relationship between counsel and PWW. At the Court's direction, defense counsel served a redacted copy of this application [Doc. No. 86; re-filed as Doc. No. 88] on Plaintiffs' counsel on December 1, 2006, pursuant to Local Civil Rule 83.3(g)(3) . On December 4, 2006, Plaintiffs filed an Emergency Opposition to the application, and requested an immediate status conference with the

1  Court due to Plaintiff's counsel's plans to travel on December 5, 2006 to Ohio in preparation for the
2  depositions of PWW representatives scheduled to take place on Thursday, December 7th [Doc. No. 87].
3  In their Emergency Opposition, Plaintiffs argue that defense counsel's application to withdraw from
4  representing PWW necessarily implies defense counsel has a conflict of interest in representing the
5  other six defendants in this case.[1]  Plaintiffs ask the Court to order defense counsel to serve them with an
6  un-redacted version of the *ex parte* application to withdraw so they can properly prepare a motion to
7  disqualify defense counsel from representing any and all defendants in this action.

8  In light of these developments, the Court convened a telephonic status conference at
9  approximately 3:40 p.m. on December 4, 2006.  All counsel of record participated.  During the course of
10 the conference, the Court advised counsel that the presently scheduled depositions of plaintiffs Charles
11 Abraham and James D. Gragg as well as the depositions of PWW representatives must be postponed
12 pending the outcome of Plaintiffs' anticipated motion to disqualify defense counsel and defense
13 counsel's pending application to withdraw as counsel for PWW.  The Court further advised counsel that
14 it had requested a written statement from an authorized representative of PWW indicating whether
15 PWW opposes defense counsel's application to withdraw.  That statement is to be submitted in *camera*
16 to the Court on or before December 6, 2006.  The Court denied, without prejudice, the request of
17 Plaintiffs' counsel for immediate service of an un-redacted copy of defense counsel's *ex parte*
18 application to withdraw.  The Court then advised counsel it would set a briefing schedule for Plaintiffs'
19 motion to disqualify defense counsel from representing all of the named defendants.

20 After considering all relevant documents currently before the Court, based on the totality of the
21 circumstances discussed during the telephone conference, and due to the current state of uncertainty as
22 to whether defense counsel will continue to represent PWW or indeed any named defendant in this case,
23 the Court issues the following orders:

24 1. The three above-referenced scheduled depositions shall be postponed pending resolution
25 of defense counsel's *ex parte* application to withdraw and Plaintiffs' anticipated motion
26 for disqualification.  Once the Court has resolved these motions, counsel are expected to
27 reschedule the depositions for dates and times amenable to all participants.  The

---

[1] At present, the firms of Vakili & Leus and Lewis Brisbois Bisgaard & Smith LLP represent all named defendants in a co-counsel capacity.

1          depositions shall go forward in their previously stipulated locations;

2. Plaintiffs request for immediate service of an un-redacted copy of defense counsel's *ex parte* application to withdraw as counsel for Player Wire Wheels LTD is **DENIED** without prejudice. Plaintiffs may renew their request in conjunction with a properly filed Motion for Disqualification.

3. Plaintiffs shall file their Motion for Disqualification of Defense Counsel no later than ***December 11, 2006***.

4. Defendants shall file their opposition to the motion for disqualification, if any, no later than ***December 18, 2006***;

5. Plaintiffs shall file their reply to Defendants' opposition, if any, no later than ***December 22, 2006***.

**IT IS SO ORDERED**.

DATED: December 5, 2006

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge