UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ABRAHAM, et al.,<br><br>        Plaintiffs,<br>v.<br><br>SUPER BUY TIRES INC., et al.,<br><br>        Defendants. | Civil No. 05cv1296-B (NLS)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY DEFENSE COUNSEL**<br><br>[Doc. No. 90] |

On December 11, 2006, Plaintiffs in the above-referenced matter filed a Motion to Disqualify defense counsel and various supporting documents [Doc. Nos. 90-92]. On December 18, 2006, Defendants filed an Opposition [Doc. No. 96]. On December 22, 2006, Plaintiffs filed a Reply [Doc No. 97]. For the following reasons, Plaintiffs' Motion to Disqualify defense counsel is **DENIED**.

## **BACKGROUND**

This action arises from the purported violation of rights that stem from U.S. Patent Number 5,290,094 ("the '094 patent"). On June 27, 2005, Charles Abraham, James D. Gragg, and American Tru Spinners, Inc. ("Plaintiffs") filed a Complaint against seven named defendants, including five business entities and two individuals ("Defendants"),[1] alleging three claims for relief, including (1) patent infringement pursuant to 28 U.S.C. § 271; (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (3) unfair business practices in violation of California Business and Professions

---

[1] The named defendants are Super Buy Tires Inc., Youssef Khoury, Choppers Wheels Inc., Roadster Wheels Inc., RZ Industries Inc., Ray Marchisset, and Player Wire Wheels LTD.

1  Code § 17200, *et seq.* (*See* Complaint ¶¶ 33-53.) All named defendants in this litigation are
2  represented jointly by two law firms, Vakili & Leus LLP, and Lewis, Brisbois, Bisgaard, & Smith LLP
3  (collectively referred to hereinafter as "defense counsel"), with written engagement agreements in place
4  that provide for the cooperative joint defense of all Defendants.
5       On December 1, 2006, Defense counsel petitioned the Court seeking to withdraw as counsel for
6  defendant Player Wire Wheels LTD ("PWW"), citing a breakdown of the attorney-client relationship
7  [Doc. No. 86; re-docketed as Doc No. 88]. Plaintiffs opposed the request, and stated their intention at
8  that time to file a motion for disqualification of defense counsel based on the request to withdraw [Doc.
9  No. 87]. The motion for disqualification was filed on December 11, 2006 [Doc. No. 90]. On December
10 12, 2006, the Court denied defense counsel's request to withdraw as counsel for PWW [Doc. No. 94].

**DISCUSSION**

12     Plaintiffs claim that defense counsel are engaged in the dual representation of adverse parties,
13 and therefore automatic disqualification is appropriate. (*Plaintiff's Memorandum of Points and*
14 *Authorities in Support of Motion to Disqualify ("Memorandum")*, 5.) The majority of Plaintiffs'
15 argument for disqualification is based upon the presumption that the Court would allow defense counsel
16 to withdraw as counsel for PWW, thereby giving defense counsel the benefit of confidential and
17 privileged information of a former client at trial. However, the Court denied defense counsel's request
18 to withdraw. Thus, this is not a case where subsequent representation is at issue. Rather, the general
19 issue at this point, as framed by Plaintiffs in their Reply brief, is "whether Counsel for Defendants, as
20 Officers of the Court, are upholding their ethical obligations to all of their clients equally." (*Plaintiffs'*
21 *Reply*, 3.) Plaintiffs contend that defendant PWW has withheld relevant information during the course
22 of discovery, thereby creating an actual, and thus non-waivable, conflict of interest among the
23 defendants in this case. (*Id*. at 4.) As such, Plaintiffs assert that defense counsel cannot continue to
24 represent all named Defendants in this case.
25     Defendants oppose Plaintiffs' motion, arguing first and foremost that Plaintiffs lack standing to
26 seek disqualification of defense counsel.[2] (*Defendants' Opposition*, 6.) Defendants also argue that they

---

[2] The Ninth Circuit has not decided the issue of standing as raised by Defendants in the current context. *See Colyer v. Smith,* 50 F.Supp.2d 966, 971 (C.D.Cal. 1999) *citing Kasza v. Browner*, 133 F.3d 1159 (9th Cir. 1998). Because it remains an open question in this Circuit, the Court shall base its ruling on the merits of Plaintiffs' motion.

have conflict waivers in place with respect to their concurrent representation, and these reaffirmed, fully informed waivers render the instant motion moot. (*Id*. at 8.) Defendants request monetary sanctions of no less than $4000 directly from Plaintiffs' counsel as compensation for the costs incurred preparing the opposition to this motion. (*Id*. at 11.)

The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers. *See United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996); *Visa U.S.A., Inc. v. First Data Corp*., 241 F.Supp.2d 1100, 1104 (N.D.Cal. 2003) (incorporating California state law standards for disqualification). Motions to disqualify counsel are strongly disfavored. *See, e.g., Visa*, 241 F.Supp.2d at 1104; *In re Marvel*, 251 B.R. 869 (Bankr. N.D.Cal.2000), *aff'd* 265 B.R. 605 (N.D.Cal. 2001) ("A motion for disqualification of counsel is a drastic measure which courts should hesitate to impose except when of absolute necessity. They are often tactically motivated; they tend to derail the efficient progress of litigation."). Thus, such requests "should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos*., 760 F.2d 1045, 1050 (9th Cir. 1985) (citations omitted).

Plaintiffs contend that defense counsel's representation of PWW simultaneously with the other named Defendants in this case violates California Rule of Professional Conduct 3-310(C), which forbids an attorney from representing a client whose interests actually conflict or potentially conflict with those of another client. Rule 3-310(C) requires that a member of the Bar "shall not, *without the informed written consent* of each client: (1) Accept representation of more than one client in a matter in which the interests of the client potentially conflict; or (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict." (Emphasis added.) "The rule against representing conflicting interests is designed not only to prevent the dishonest lawyer from fraudulent conduct, but also to prevent the honest lawyer from having to choose between conflicting duties, rather than to enforce to their full extent the legal rights of each client." *In re Jaeger,* 213 B.R. 578, 584 (C.D.Cal. 1997), *citing Anderson v. Eaton*, 211 Cal. 113, 116 (1930); *see also In re Sklar*, 2 Cal.St. Bar Ct.Rptr. 602, 616 (1993). A *potential* conflict of interest exists when "there is a possibility of an actual conflict arising in the future, resulting from developments that have not yet occurred or facts that have not yet become known." *Id*. A conflict is *actual* if the representation of one client may be rendered less effective by reason of the shared attorney representing the other client. *See id*.

1          Rule 3-310(C) on its face gives potentially prejudiced clients the <u>absolute</u> right to waive a conflict, however, if that waiver is based on full and informed consent.  By examining the relevant facts here, it is clear that at the outset of this litigation there was a potential conflict of interest among the named Defendants.  Under the California Rules, a potential conflict of interest gives rise to the obligation to obtain informed written consent when attorneys decide to represent more than one client in the same lawsuit.  *See Jaeger*, 213 B.R. at 584 ("California rules always require the informed written consent of each client before an attorney may jointly represent two or more clients in the same lawsuit.").  At the onset of this litigation, defense counsel fulfilled this obligation by obtaining signed conflict waivers, in which each Defendant agreed to their concurrent representation.  (*Defendants' Opposition*, 8; see also *Declarations of Ray Starr, Ray Marchisset, and Youssef Khoury in Support of Opposition* ¶¶ 3-6.)  All Defendants recognized the potential for conflict amongst them, and waived their rights in order to enjoy the benefit of joint representation by defense counsel.  After being advised of the current motion, all Defendants reaffirmed their waivers of any potential conflict of interest among them.  (*Id*. at ¶ 5.)

         In their Reply, Plaintiffs cite several California cases which caution that an *actual* conflict of interest, should one arise, is non-waivable.  *See, e.g. Tsakos Shipping & Trading, S.A. v. Juniper Garden Homes, Ltd.,* 12 Cal. 4th 74, 97 (1993); *Klem v. Sup. Ct.*, 75 Cal. 3d 893, 898 (1977).  However, Plaintiffs have not demonstrated that an *actual* conflict of interest exists among Defendants at this juncture.  To the contrary, Plaintiffs simply have asserted their concern that one defendant, namely PWW, has withheld relevant information from Plaintiffs during the course of discovery.  Regardless of the merits of this allegation, Plaintiffs have not explained to the satisfaction of the Court how that alleged withholding of information creates an *actual* conflict of interest among Defendants in this case.  Plaintiffs' only argument on this point is as follows: "if one Client's position is that they are not liable, but another person or organization is, then Counsel for Defendants must make this argument, no matter what would be the effect on the other Defendant-Clients."  (*Plaintiffs' Reply*,  5).  This argument falls short on two grounds.  First, none of the Defendants claims any other Defendant has infringed Plaintiffs' patent, and second, even if PWW actually withheld discovery from Plaintiffs, that fact alone would not make PWW's liability position adverse to any other Defendant.

Having found that no actual conflict of interest exists among Defendants, and concluding that defense counsel appropriately anticipated the potentiality for conflict and acted in compliance with California Rule of Professional Conduct 3-310(C ) by obtaining informed written consent before accepting concurrent representation of Defendants, Plaintiffs' Motion to Disqualify Defense Counsel is **DENIED**.

With respect to Defendants' request for sanctions in an amount "no less than $4000 directly from Plaintiffs' counsel to compensate Defendants for costs incurred preparing this Opposition and otherwise responding to Plaintiffs' motion," the Court notes that Defendants cite no authority for the request. (*Defendants' Opposition,* 11.)  The Court assumes this request for sanctions against Plaintiffs' counsel is brought pursuant to Title 28, United States Code, section 1927 and/or the Court's inherent authority to award sanctions for attorney misconduct.

Section 1927 provides for sanctions against an *attorney* who "multiplies the proceedings in any case unreasonably and vexatiously."  *See* 28 U.S.C. § 1927;  *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117-18 (9th Cir. 2000)(citations omitted).  Sanctions pursuant to section 1927 must be supported by a finding of recklessness or subjective bad faith.  *See Estate of Blas ex rel.Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986); *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982).[3]  The inherent power of the Court extends beyond those powers specifically created by statute or rule, and encompasses the power to sanction misconduct by the attorneys or parties before the Court.  *See, e.g. Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (holding that federal courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process.")  This power includes the ability to assess attorney fees where appropriate, but should be invoked only in extraordinary circumstances to remedy abuse of the judicial process.  *Id*. at 45.

Defendants assert that Plaintiffs' counsel acted in bad faith or abused the judicial process by bringing the instant motion knowing it was moot in light of the Court's denial of defense counsel's motion to withdraw from representation of PWW.  (*Defendants' Opposition*, 2-3.)  At the very least,

---

[3] "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. *Estate of Blas*, 792 F.2d at 860 (citations omitted).  Tactics undertaken with the intent to increase expenses, see *Barnd*, 664 F.2d at 1343, or delay, see *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981), may also support a finding of bad faith.  Even if an attorney's arguments are meritorious, his conduct may be sanctionable if in bad faith.  *Lone Ranger Television, Inc. v. Program Radio Corp.*, 740 F.2d 718, 727 (9th Cir. 1984).

Defendants argue that Plaintiffs' motion is frivolous in light of the conflict waivers in place. (*Id.*) Defendants also argue they had no choice but to oppose the motion because of an outrageous comment contained in an email Plaintiffs' counsel sent to defense counsel which intimated that defense counsel Osborne has some sort of special relationship with the judge or her law clerk. (*Id.* at 3.)

The Ninth Circuit has observed that "once a lawyer is admitted to the bar, although he does not surrender his freedom of expression, he must temper his criticisms in accordance with professional standards of conduct. *See U.S. Dist. Court for Eastern Dist. of Washington v. Sandlin*, 12 F. 3d 866 (9th Cir. 1993). Pursuant to Local Civil Rule 83.4 entitled "Professionalism," attorneys who practice in the Southern District of California are required to be "courteous and civil in all communications," *see* L.R. 83.4(a)(1)(a), and are prohibited from conduct that would "disparage the intelligence, ethics, morals, integrity or behavior of opposing counsel unless such characteristics are at issue," *see* L.R. 83.4(a)(2). Further, "[n]o attorney permitted to practice before this court shall engage in any conduct which degrades or impugns the integrity of the court." *Id.*

The Court finds ample record here of violations of this Court's rules governing Professionalism by reason of gratuitous, rude, unsubstantiated, and impertinent remarks by Plaintiffs' counsel that impugn the integrity of his adversary and the court. (*See, e.g.* Exhibits "4" and "5" to the Declaration of Anthony Osborne, as well as numerous parts of Plaintiffs' Reply.) However, the Court cannot find based on this record that Plaintiffs' motion to disqualify opposing counsel is frivolous or brought in bad faith; hence, an award of sanctions is not warranted. **Plaintiffs' counsel is forewarned, however, that this Court does not appreciate and will not tolerate bad language, sarcastic comments, innuendos or any further gratuitous commentary that impugns the integrity of his adversary or the Court. Such conduct is wholly inappropriate for a member of the bar, and if it continues the Court will take appropriate disciplinary action. The Court trusts that such conduct will stop immediately.**

/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

Based on the foregoing reasons, Plaintiffs' Motion to Disqualify defense counsel is hereby **DENIED**. Defendants' request for monetary sanctions is also **DENIED**.

**IT IS SO ORDERED**.

DATED: January 10, 2007

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge