1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   CHARLES ABRAHAM, ET AL.              )     **Civil No: 05CV1296-B(NLS)**
                                          )
12              Plaintiffs,               )
     v.                                   )
13                                        )     **ORDER GRANTING-IN-PART**
     SUPER BUY TIRES, INC., ET AL.        )     **AND DENYING-IN-PART**
14                                        )     **MOTIONS FOR PARTIAL**
               Defendants.               )      **SUMMARY JUDGMENT**
15                                        )
     _____ )
16

17

18        Plaintiffs Charles Abraham ("Abraham"), James Gragg ("Gragg") and American

19   Tru-Spinners, Inc. ("ATS") (collectively, "Plaintiffs") move the Court for partial summary

20   judgment that spinner products of Defendants Super Buy Tires, Inc. ("Super Buy"),

21   Roadster Wheels, Inc. ("Roadster") and Player Wire Wheels, Ltd. ("Player") infringe claim

22   7 of U.S. Patent No.5,290,094 ("the '094 patent").

23        Defendants, Super Buy Tires, Inc. ("Super Buy"), Youssef Koury d/b/a/ Super Buy

24   Tires ("Khoury"), "Roadster Wheels, Inc. ("Roadster"), RZ Industries, Inc. ("RZ"), Ray

25   Marchisset, and Player Wire Wheels LTD ("Player") (collectively "Defendants") also have

26   brought a motion for partial summary judgment on five grounds: (1) Plaintiffs Abraham

27

28                                      -1-                              05CV1296

and Gragg lack standing on the claim for patent infringement; (2) none of the claims of the '094 patent is infringed by the accused products; (3) claim 7 of the '094 patent is invalid because it is anticipated; (4) Plaintiffs Abraham and Gragg lack standing to maintain claims for federal or California unfair competition; (5) no violation by Defendants of federal or California unfair competition laws.

## I.       BACKGROUND

The '094 patent is directed to spinners - decorative devices that are attached to the center cap of a wheel and rotate independently of the wheel.  On October 5, 2006, the Court held a Markman hearing and construed claim 7 of the '094 patent, the only claim at issue. This claim is directed to a mounting assembly for rotatably mounting a first object on a second object comprising a first mounting member, a second mounting member and a bearing means which allows the second mounting member to rotate with respect to the first mounting member.

Plaintiffs allege that Defendants make, sell, offer to sell and/or import spinners that infringe the '094 patent.  According to the parties' submitted briefs and evidence, the Defendants allegedly make, import offer to sell and/or sell a large variety of spinners under various trade names such as Chopper, D'Vinci, Genesey, Paragon, Omega, and Roadster as well as identified by particular model numbers.

The instant case has been mired with discovery disputes.  Although summary judgment motion hearings were originally set earlier this year, due to discovery issues the Court reset the date for summary judgment motion hearings and allowed the parties to file new motions.  The Court heard these motions on May 8, 2007, and now rules herein.

## II.      STANDARD OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  In

05CV1296

considering the motion, the court must examine all the evidence in the light most favorable

to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  If

the Court is unable to render summary judgment upon an entire case and finds that a trial is

necessary, it shall if practicable grant summary adjudication for any issues as to which,

standing alone, summary judgment would be appropriate.  Fed. R. Civ. P. 56(d).

When the moving party does not bear the burden of proof, summary judgment is

warranted where the moving part demonstrates an absence of facts to support the non-

moving party's case and where the non-moving party responding to the motion fails "to

make a sufficient showing on an essential element of her case with respect to which she has

the burden of proof."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). Then, the

Court must determine whether there is any evidence presented would enable a reasonable

jury to find for the non-moving party.   Anderson, 477 U.S. at 251.

## III.    ISSUES FOR PARTIAL SUMMARY JUDGEMENT

### A.    PATENT INFRINGEMENT

#### 1.    Standing

Defendants challenge the standing of two individuals listed on the complaint,

Abraham and Gragg, to sue for patent infringement. Plaintiffs assert that Defendants have

waived this challenge by failing to bring it in their initial pleading or motion in response to

the complaint, and in the alterative, argue that these individuals have standing on the patent

infringement claim..

Constitutional standing falls under subject matter jurisdiction and as such is never

waived.  See Pandrol USA, LP v. Airboss Ry. Products, Inc., 320 F.3d 1354, 1367 (Fed.

Cir. 2003) (quoting Lewis v. Casey, 518 U.S. 343, 349 n. 1 (1996), "Under Article III,

standing ... is jurisdictional and not subject to waiver"); Pershing Park Villas Homeowners

Ass'n v. United Pacific Ins. Co., 219 F.3d 895, 899 (9th Cir. 2000) ("Because issues of

constitutional standing are jurisdictional, they must be addressed whenever raised.").  As

such, to the extent Defendants challenge constitutional standing, it has not been waived.

A consideration of a party's standing in a patent suit is comprised of Article III standing and prudential standing. Propat Intern. Corp. v. Rpost, Inc., 473 F.3d 1187, 1193 (Fed. Cir. 2007). A party may meet the requirements for Article III standing under Lujan v. Defenders of Wildlife, 504 U.S. 555, (1992) if it can show an injury in fact (concrete and particularized, that is actual or imminent) which is fairly traceable to the defendant and redressable by a favorable decision.

While a patentee, an assignee, or an exclusive licensee holding all substantial rights may sue for patent infringement, "a nonexclusive license or 'bare' license . . . confers no constitutional standing on the licensee under the Patent Act to bring suit or even to join a suit with the patentee because a nonexclusive (or 'bare') licensee suffers no legal injury from infringement." Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc., 248 F.3d 1333, 1345 (Fed. Cir. 2001). A licensee must hold an exclusive license, one which entitles her to some of the proprietary rights of the patent to exclude others from making, using or selling the invention, to be a co-plaintiff. Id. at 1032. ("[T]he licensee's beneficial ownership of a right to prevent others from making, using or selling the patented technology . . . provides the foundation for co-plaintiff standing, not simply that the word "exclusive" may or may not appear in the license.").

Here, neither Abraham nor Gragg as individuals fall into one of the classes that would give them standing to sue on their own or to join in suit with another to sue for patent infringement. Abraham does not fall into any category of licensee, let alone assignee or patentee. The only connection of Abraham is simply as President of Tru-Spinner's International, Inc. ("TSI"), a company with limited trademark rights from ATS; TSI is not a party to the instant suit. (See Dec. Hokanson Supp. Defs.' motion Ex. 1120.) Abraham's rights as an individual to the '094 patent are non-existent. Moreover, Abraham's assertions that TSI is a shell or a d/b/a for Abraham is similarly unavailing. Abraham is not suing in his capacity as a d/b/a, only as an individual. Furthermore, TSI is not an owner or an exclusive licensee to the '094 patent; thus, even TSI would not have

1  standing here if it were listed as a party to the instant suit.

2      As for Gragg, he is only a non-exclusive licensee of the '094 patent.  While Gragg

3  originally owned the '094 patent, he transferred his entire right, title and interest in the

4  patent to Elizabeth Morgan. (Dep. Gragg , Dec. Winkler Supp. Pls.' Opp. Ex. 286 at 43.)

5  This interest was then transferred back to ATS, not to Gragg as an individual  (Id. at 45, 47,

6  54; see also patent recordation form conveying the assignment from Morgan to ATS, Ex.

7  1026 at ATS 0118.)  On November 25, 2004, ATS licensed the right to manufacture,

8  distribute and sell spinners under the '094 patent to Gragg d/b/a International Tru-Spinners.

9  The license stated it was "non-exclusive" and that licensor (ATS) reserved the right to grant

10  other parties the right to manufacture, distribute and sell spinners.  (Id. Ex. 1116 at 5, 8).

11  Thus, this arrangement made Gragg a non-exclusive licensee.  As such, he has no

12  constitutional standing to join in a suit for patent infringement.  See Ortho, 52 F.3d at 1031-

13  32.

14      In sum, neither Gragg nor Abraham have constitutional standing as individuals to

15  sue for infringement of the '094 patent.  Therefore, the Court **GRANTS** Defendants'

16  motion to dismiss Gragg and Abraham for lack of constitutional standing..

17          **2.    Cross-Motions on Infringement**

18      Plaintiffs' motion for partial summary judgment addresses accused spinners sold by

19  Super Buy, Khoury, Roadster, Ray Marchisset, and Player.  The accused spinners included

20  products sold under the names Chopper Spinning Technology, Paragon, D'Vinci, Genesey,

21  Mega Spinwheel, Dub, Omega, Paragon Wire Wheels, Spreewheel, Oasis, L.A. Wire

22  Wheels, and Player Wire Wheels (identified by model numbers such as PLS20C-W,

23  SNG10F-17 and Player 22" Wire Spinner Set).  In support of its motion, Plaintiffs offer the

24  expert report and declaration of Scott Dilling.  This report opined solely on a spinner

25  known as Player Wire Wheel SNG22C, although the report acknowledges that Dilling

26  viewed the Player products PLS20C-W, SNG10F-17 and Player 22" Wire Spinner Set as

27  well.

28                              -5-                                    05CV1296

Defendants' motion for partial summary judgment of no infringement classifies the accused spinners into three classes of spinner assemblies (referred to hereafter as assemblies 1, 2 and 3).  Assembly 1 corresponds to the Player Wire Wheels SNG22C spinner opined on by Dilling and is referred to by Defendants as a threaded hub spinner assembly.  Assembly 2 is referred to by Defendants as an unthreaded hub spinner assembly. Assembly 3 is referred to by Defendants as a billet spinner.  Defendants contend that Plaintiffs lack evidence to show that any of the three classes of assemblies meets the Court's claim construction of claim 7, the only claim at issue in the '094 patent.  In support of their motion, and in opposition to Plaintiffs' motion, Defendants offer the declaration of Roger Marchisset, an employee of Roadster Wheels.  Roger Marchisset has not been designated as an expert witness in the instant case.  Although Defendants designated experts during discovery, they did not designate Marchisset nor obtain any opinions from Marchissett (or any designated experts) as to non-infringement.

Having considered the parties' briefs, the evidence offered in support thereof, and the oral arguments thereon, the Court finds that as to assembly 1, Plaintiffs have met their burden to demonstrate a prima facie case of infringement as to claim 7.  Dilling's report opines on Player Wire Wheel SNG22C and demonstrates how this spinner meets each of the claimed elements.  Defendants, in turn, have failed to raise a genuine issue of fact as to this assembly.  Defendants have offered only attorney argument as to why Dilling's analysis is insufficient.  Therefore, as to assembly 1, the Court **GRANTS** Plaintiffs' motion for infringement and **DENIES** Defendants' cross-motion for no infringement.  The Court finds that Plaintiffs have established that an exemplar of assembly 1, Player Wire Wheel SNG22C, infringes.[1]  To the extent Plaintiffs allege other spinner products contain assembly 1 and therefore infringe, this must be proved at trial.

---

[1] Although Dilling's report states that in the attached Exhibit 2, § V, that models Player PLS20C-W, Player 22" Wire Spinner and Player SNG10F-17 were reviewed, the report fails to offer any opinion on these spinners as to infringement or their equivalence to the SNG22C spinner.

05CV1296

1    With regard to assemblies 2 and 3, Plaintiffs have offered no evidence that these

2   other assemblies meet the claim limitations.  Plaintiffs' expert Dilling did not opine on

3   these assemblies and Plaintiffs have offered no other evidence that these assemblies are

4   identical or equivalent to that of assembly 1 with respect to the claimed infringement.

5   Thus, the Court **DENIES** Plaintiffs' motion with regard to assemblies 2 and 3.

6   Furthermore, Defendants have moved for partial summary judgment of no infringement as

7   to these assemblies.  Plaintiffs, the non-moving party with respect to Defendants' motion,

8   have failed to raise a genuine issue of fact on an essential element on which Plaintiffs will

9   bear burden of proof at trial.  Therefore, summary judgment of no infringement is

10  warranted; Defendants motion as to assemblies 2 and 3 is **GRANTED**.[2]

11   Regarding the infringement issues remaining for trial, the only outstanding issue on

12  liability is whether any other spinners besides Player Wire Wheel SNG22C contain

13  assembly 1 and therefore literally infringe claim 7 of the '094 patent.  Plaintiffs are

14  precluded, however, from the application of the doctrine of equivalents.  Under Federal

15  Circuit law, "evidence of equivalents must be from the perspective of someone skilled in

16  the art, for example through testimony of experts or others versed in the technology; by

17  documents, including texts and treatises; and, of course, by the disclosures of the prior art."

18  AquaTex Industries, Inc. v. Techniche Solutions, 479 F.3d 1320, 1329 (Fed. Cir. 2007).

19  Here, Defendants moved for partial summary judgment of no infringement under the

20  doctrine of equivalents for all of the accused assemblies, asserting that Plaintiffs lacked

21  evidence on this issue.  Plaintiffs failed to make a showing that would raise a genuine issue

22  of fact; Plaintiffs' expert declined in his report to opine on the doctrine of equivalents.

23

24   [2] The Court finds that Plaintiffs' arguments that the failure of Defendants to produce spinners
    before March 2007 and/or Defendants' lack of earlier assertions that the accused spinners were not
25  all identical prevented Dilling from opining on the spinners to be disingenuous.  First, it is Plaintiffs'
    burden to prove infringement against each and every accused product.  Second, the record indicates
26  that Plaintiffs had access to numerous spinners before March 2007 and yet did not have Dilling view
    or opine on these other accused devices. (See e.g., exhibits submitted on January 16, 2007, in support
27  of Plaintiffs' opposition to Defendants' original motion for summary judgment.)

28

05CV1296

1    Therefore, Defendants' motion as to no infringement as to assemblies 1, 2 and 3 under the

2    doctrine of equivalents is **GRANTED**.

3         Finally, Defendants also moved the Court for partial summary judgment of no

4    infringement as to claims 1-6 and 8-16 of the '094 patent.  The instant suit is not directed at

5    these claims, only infringement of claim 7 is alleged.  Therefore, as to the claims not in

6    suit, the Court makes no finding.  Defendants' motion on this ground is **DENIED** as moot.

7         **B.    Invalidity**

8         Defendants move for partial summary judgement of invalidity of the '094 patent.

9    Defendants contend that three prior patents issued in 1893 ("the Boradbent patent"), 1894

10   ("the Davids patent") and 1915 ("the Yahle patent"), all related to bicycle pedals, anticipate

11   claim 7 of the '094 patent.

12         "To anticipate a claim, a prior art reference must disclose every limitation of the

13   claimed invention, either explicitly or inherently."  MEHL/Biophile Intern. Corp. v.

14   Milgraum, 192 F.3d 1362, 1365 (.Fed. Cir. 1999) (quoting In re Schreiber, 128 F.3d 1473,

15   1477 (Fed. Cir.1997)).  Anticipation must be demonstrated by clear and convincing

16   evidence.  Schumer v. Laboratory Computer Systems, Inc., 308 F.3d 1304, 1315 (Fed. Cir.

17   2002).  Because anticipation is a question of fact, a party moving for summary judgment of

18   anticipation bears a high burden to demonstrate the absence of any genuine issues of fact

19   given that all reasonable inferences are drawn in favor of the non-moving party.  Id.

20         Here, Defendants have failed to meet the high evidentiary burden to demonstrate

21   anticipation.  Other than the prior art patents themselves, Defendants have offered no other

22   evidence.  Defendants offer no expert opinion on invalidity, only attorney argument.  The

23   prior art on bicycles is not so blatantly and explicitly clear that the Court can make a

24   determination that a lay person could find anticipation by clear and convincing evidence

25   without any expert opinion.  Therefore, the Court **DENIES** Defendants' motion for

26   invalidity based on anticipation.

27

28                              -8-                                      05CV1296

### C.     Unfair Competition claims

Defendants move for partial summary judgment regarding Plaintiffs' state and federal unfair competition claims. Defendants raise two issues: lack of standing of Gragg and Abraham as plaintiffs on these claims and a lack of evidence to support the merits of the claims.

According to the complaint, Plaintiffs allege that Defendants have deceived the public into believing that Defendants' products are the intellectual property of Defendants in violation of 15 U.S.C. §1125(a). Under state law, Plaintiffs have alleged violations of California Business and Professions Code §§ 17200 et seq. through violations of patent, trademark and consumer protection laws.  In response to Defendants' motion, Plaintiffs respond only that they are entitled to maintain a claim for unfair competition in conjunction with the patent infringement claim, but offer no evidence that would support the "passing off" allegations, false statements or any other alleged unfair business practices. Plaintiffs, who have the burden of proof on these claims, have presented no evidence that Defendants have marketed their products with any representations that Defendants are associated with Plaintiffs and/or that Defendants own or obtained a license to the '094 patent. In sum, Plaintiffs have failed to crystalize anything that would amount to a claim of unfair competition. Therefore, Defendants' motion as to the unfair competition claims is **GRANTED**. Additionally, because this order disposes of the unfair competition claims, the motion as it pertains to standing of Gragg and Abraham on these claims is **MOOT**.

### D.     Evidentiary Issues

Both parties have offered evidentiary objections to documents offered in support of each others' motions and have requested that the Court rule on these objections herein. Defendants object to various statement's in Dilling's expert report. To the extent these objections challenge the weight of the evidence therein, this issue is for the jury, not for summary judgment. With regard to objections as to conclusory unsupported statements in the report, the Court recognizes that Dilling's report opines only on Player Wire Wheel

05CV1296

1 SNG22C; as noted above, this has been taken into account in the Court's consideration of

2 the parties' summary judgment motions.

3      Plaintiffs object to the drawings submitted in conjunction with Roger Marchissett's

4 declaration as irrelevant, lacking foundation, and inadmissible under the best evidence rule.

5 While the Court recognizes Roger Marchisset is not a designated expert in the instant case,

6 these objections miss the mark. First, Roger Marchissett's declaration lays a foundation for

7 his knowledge of spinners based on his employment with Roadster in an engineering

8 capacity. Second, the drawings are relevant to the extent they are offered to illustrate the

9 parts of the accused spinners. Finally, the best evidence rule is not applicable here. This

10 rule applies to the use of originals for written documents, recording and photographs. Fed.

11 R. Evid. 1002. There is no assertion that these are not the original drawings or that they are

12 offered to prove the contents of another writing or photograph.

13 **IV.    CONCLUSION**

14      For the reasons above, the Court rules as follows:

15      Defendants' motion that Gragg and Abraham lack standing to sue for patent

16 infringement is **GRANTED**.

17      Plaintiffs' motion as to infringement of claim 7 is **GRANTED** as to assembly 1 and

18 **DENIED** as to assemblies 2 and 3. Defendants' motion as to no infringement of claim 7 is

19 **DENIED** as to assembly 1 and **GRANTED** as to assemblies 2 and 3. Defendants' motion

20 as to no infringement of claim 7 under the doctrine of equivalents for assemblies 1, 2, and 3

21 is **GRANTED**. Defendants' motion as to no infringement of claims 1-6 and 8-16 is

22 **DENIED AS MOOT**.

23 //

24 //

25 //

26 //

27 //

28 //

1    Defendants' motion as to invalidity of the '094 patent is **DENIED**.

2    Defendants' motion as to no unfair competition is **GRANTED**.  Defendants' motion

3  as to standing on the unfair competition claims is **DENIED AS MOOT**.

4  **IT IS SO ORDERED.**

5

6  DATED:  May 15, 2007

7

8                                        Hon. Rudi M. Brewster
                                         United States Senior District Court Judge
9

10

11
     cc:  Hon. Nita L. Stormes
12        United States Magistrate Judge

13        All Counsel of Record

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   -11-                          05CV1296